IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | **)** | |
| | **)** | |
| Pegrum Creek, LLC, | **)** | CASE NO. 24-81037-CRJ11 |
| EIN: XX-XXX6194 | **)** | CHAPTER 11 |
| | **)** | |
| Debtor. | **)** | |

## <u>ORDER CONFIRMING PLAN OF LIQUIDATION FILED BY THE DEBTOR</u>

The Fourth Amended Chapter 11 Plan of Liquidation dated January 26, 2026 (ECF. No. 361) (as amended, modified or supplemented, the "<u>Plan</u>") having been filed with the Court by the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"); and the Court having entered, after due notice and a hearing, an Order Approving Motion to Modify, Continuing Confirmation Hearing (the "<u>Confirmation Hearing</u>"), and Fixing Deadlines ("<u>Order Establishing Deadlines</u>")(ECF No. 352); establishing notice and objection procedures with respect to the Confirmation of the Plan; and the Confirmation Hearing having been held before the Court on January 28, 2026, after due notice to holders of Claims and Interests and other parties in interest in accordance with Order Establishing Deadlines, the Bankruptcy Court and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and upon all of the proceedings held before the Court; and after full consideration of: (i) the Summary of Ballots as amended, modified or supplemented, (ii) Memorandum in Support of Confirmation the "<u>Memorandum</u>"), and (iii) all other evidence proffered or adduced, memoranda and objections filed in connection with and arguments of counsel made at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1.     <u>Confirmation</u>. The Plan is **APPROVED** and **CONFIRMED** under Section 1129 (except as modified herein). The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.     <u>Objections</u>. All objections to the Plan or to Confirmation of the Plan that have not been withdrawn, waived or settled, and all reservations of rights pertaining to Confirmation of the Plan, are overruled on the merits.

3.     Modifications to the Plan from the Confirmation Hearing are as follows[1]:

(a)     <u>Treatment of Claims Language</u>. Class 2 – First Bank Secured Claims:

The following language is **excluded** from Class 2:

The "Value of the Property" to be paid to the First Bank shall be the net proceeds from a fair market sale of property sold pursuant to the Plan which is either unobjected to or approved by the Court over objection. Net proceeds shall be the sales price of the property less costs of sale, Ad Valorum Taxes, and liens having priority over the liens of the First Bank. The Allowed Secured Claims shall be entitled to accrue interest, attorney's fees and costs beyond the Effective Date and through the closing of the Bankruptcy Case. To the extent such Allowed Secured Claims are oversecured, the secured creditor shall be entitled to recover post-petition attorney's fees.

(b)     <u>Payment of Allowed Claims</u>. Article VI, Section 6.05 is **excluded** from the Plan.

(c)     <u>Means for Implementation of the Plan</u>. Article VIII, Section 8.01 (d) is revised to **include** the following:

Contemporaneously with the marketing the Real Estate Assets in classically brokered sales, the Debtor, in consultation with the Realtor(s) retained in this case, counsel, related Secured Claimants, and other interested parties will solicit auctioneer professionals to market and sell by public auction any Real Estate Assets not sold nor contracted to sell by the conclusion of the six-month sale period. Any Auctioneer hired by the Debtor shall be submitted for Court Approval as a Professional. Post-confirmation, bidding procedures shall be

---

[1] All these modifications referred to in paragraph 3 of this Order are also incorporated into a filed errata Fourth Amended Plan of Liquidation.

submitted for **approval** by the Court **after proper notice and hearing;**

(d)    <u>General Provisions</u>. Article IX, Section 9.06(f) is revised as follows:

(f) Entry of a final decree closing this Case.

4.    <u>Solicitation and Notice</u>. Notice of the Confirmation Hearing and the solicitation of votes on the Plan complied with the solicitation procedures in the Order Establishing Deadlines, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

5.    <u>Implementation of the Plan</u>. The Plan will be implemented in a manner consistent with the terms and conditions set forth in the Plan and this Confirmation Order.

6.    <u>Plan Funding</u>. The Plan shall be funded by the net proceeds generated from the Sale of its Property. Allowed Secured Claims shall be paid in accordance with the Plan.

7.    <u>Conflicts Between Confirmation Order and Plan</u>. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

8.    <u>Closing of the Chapter 11 Case</u>. The Debtor shall have authority to seek to close the Chapter 11 Case in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

9.    <u>Final Decree</u>. At any time following the Effective Date, the Debtor shall be

authorized to file a motion for the entry of a final decree closing the Chapter 11 Case pursuant to Section 350.

10.    Dissolution of the Debtor. Upon a certification to be filed with the Bankruptcy Court by the Debtor of all distributions having been made and completion of all its duties under the Plan and entry of a final decree closing the Chapter 11 Case, the Debtor is authorized to take all necessary actions to dissolve the Post-Effective Date Debtor in, and withdraw the Post-Effective Date Debtor from, applicable states and provinces to the extent required by applicable law.

11.    Final Order. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated this the 2nd day of February, 2026.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Order prepared by:
Stuart M. Maples, smaples@thompsonburton.com

Order reviewed and approved by:

/s/William Matthew Hancock
William Matthew Hancock
wmhancock@wolfejones.com

/s/Kevin Heard
Kevin Heard
kheard_heardlaw.com

/s/Richard Blythe
Richard Blythe
richard_blythe@alnba.uscourts.gov

/s/David Houston
David Houston
dhouston_burr.com

/s/Catherine Via
Catherine Via
cvia@burr.com

/s/Wesley Causby
Wesley Causby
wcausby@memorylegal.com

/s/John Jeffrey Rich
John Jeffrey Rich
Jrich@madisoncountyal.gov